[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in New Milford, Connecticut on July 19, 1986. The plaintiff's birth name was Susan M. Hall. Two children were born to the parties, Kevin L., born September 23, 1987, and Jessica L., born July 13, 1990. Both of these parties have a high school education. The plaintiff has pursued and presently is pursuing some other educational opportunities.
Shortly after the birth of the parties' second child, CT Page 9459 the defendant indicated his intention of moving out of the marital home, a condominium in Torrington. He claimed that he felt as if he were a stranger in his own home. The defendant claimed that the parties were not getting along and that things had changed dramatically after the birth of their first child. It was demonstrated by the testimony produced at trial that Mr. Bahr's claim of not feeling part of the family was predicated by his involvement with Ms. Elizabeth Johnston. She testified at the trial.
Shortly after leaving the marital home in the spring of 1991, he took up residence in her home, claiming to rent a room from her. He returned home for a weekend, but again took up residence with Ms. Johnston. Ms. Johnston was sporting a diamond ring and asked Priscilla Prosser the wise of Mr. Bahr's employer to "stand up for them" at a proposed wedding. Mrs. Prosser testified that it was not a question of if they would be married, but when they would be.
The defendant has been consistently employed as an auto mechanic during the course of the marriage. In addition to having the two children, Mrs. Bahr had a part-time job driving a school bus and is currently employed as a cashier at a supermarket while she is going to school. The parties surrendered their condominium in Torrington, the marital home, to the bank in lieu of foreclosure and hence have no property of any substantial value to be disposed of, pursuant to this decree of divorce.
The plaintiff is currently residing with the two children in her parents' home in Ridgefield, Connecticut and is assisted by her parents in terms of living expenses as well as medical expenses. The parties do own a piece of property in Timouth, Vermont and also have some debts which need the attention of this court.
The court heard some rather distressing testimony with respect to the defendant father's lack of visitation with the two minor children and following the hearing, not only entered an order dissolving the marriage, but granted sole custody of the minor children to the plaintiff mother.
The court enters the following orders:
1. Child support to be in accordance with the guidelines or $135.00 per week for the minor children.
2. The defendant is to provide medical insurance, CMS/Blue Cross and major medical or its equivalent, for the benefit of the minor children until they reach eighteen (18) years of age or are sooner emancipated, and further, that the defendant shall CT Page 9460 provide plaintiff proof of said insurance once a year or upon change of policies.
3. The parties are to share on a 50/50 basis any unreimbursed portion of any medical, dental, orthodontic, optical, psychological or psychiatric services.
4. The defendant is to procure and pay for the plaintiff's medical insurance, CMS/Blue Cross and major medical or its equivalent until June, 1992.
5. The defendant is to maintain a life insurance policy on his life in the face amount of $100,000 with the minor children as irrevocable beneficiaries until they reach eighteen (18) years of age or are sooner emancipated and the defendant is to provide the plaintiff with annual proof of said policy.
6. The plaintiff is awarded One ($1.00) Dollar per year alimony modifiable by the plaintiff should the defendant's financial circumstances improve or in the event the defendant fails to comply with any terms and conditions of this judgment.
7. The defendant is to transfer forthwith all his right, title and interest in and to the parcel of real estate located in Timouth, Vermont, consisting of 10.27 acres of land, and the plaintiff shall hold and save the defendant harmless on he mortgage thereon.
8. The plaintiff shall maintain sole possession of the 1979 Buick Regal currently in the plaintiff's possession.
9. Each party shall be responsible for his or her debts incurred subsequent to the parties separation, but the defendant shall assume and hold the plaintiff harmless on all debts in existence as of the time of the parties separation.
10. With respect to defendant's withdrawal of cash value from a life insurance policy as well as plaintiff's claim for reimbursement of $1,049.95 for paid medical bills, the court has taken those sums into consideration in transferring all of the defendant's interest in the Vermont property to the plaintiff.
11. Based upon defendant's failure to maintain medical insurance pendente lite, the defendant shall assume and pay the outstanding medical bills for the benefit of the minor children, namely:
a. Torrington Pediatrics, $70.00; CT Page 9461
 b. Charlotte Hungerford Hospital (through American Adjustment Bureau) $291.00;
c. Danbury Hospital, $200.00;
d. Charlotte Hungerford Hospital, $200.00.
12. The defendant is to pay the outstanding arrearage in the amount of $286.00 at the rate of $15.00 per week until paid off.
13. The defendant shall provide the plaintiff semi-annual updates of his earnings for alimony and child support purposes and the defendant shall immediately inform plaintiff in writing of any increase in his income.
14. The defendant is to take the deduction for the older child on his income tax return for 1991 and each year thereafter so long as the defendant is in compliance as of December 31 of each year with all financial orders contained herein.
15. The defendant shall retain possession of his tools, guns, knives, coin collection and other personalty presently in his possession.
Judgment shall enter accordingly.
DRANGINIS, J.